UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STEELWORKERS LOCAL                    CIVIL ACTION
9121, AFL-CIO-CLC

VERSUS                                       NO: 07-4166

BAYOU STEEL CORPORATION                      SECTION: J(2)

                          **ORDER AND REASONS**

Before the Court is Defendant Bayou Steel Corporation's **Motion for Summary Judgment (Rec. Doc. 11)**, set for hearing on March 19, 2008 on the briefs, and **Plaintiff's Cross Motion for Summary Judgment (Rec. Doc. 17)**, set for hearing on April 2, 2008 on the briefs.  Both motions are opposed.

Defendant seeks dismissal of Plaintiff's action to compel arbitration.  Plaintiff, in turn, seeks enforcement of the arbitration provision in the collective bargaining agreement entered into between the parties.

Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted and Plaintiff's motion should be denied.

**Background Facts**

In February of 2007, Local 9121 presented a grievance challenging Defendant's failure or refusal "to count three and a half years of the strike towards the strikers [sic] retirement" and demanding that the company recognize the strike period for purposes of retirement.  Following the denial of its claim, Local 9121 initiated the current action, seeking an order for Defendant to proceed to final and binding arbitration of Plaintiff's grievance.  Ths issue presently before the Court is whether Plaintiff's grievance is arbitrable.

**The Parties' Arguments**

The Collective Bargaining Agreement ("Agreement") provides for a general grievance and arbitration procedure. (Bayou Steel, Ex. 2, Art. 16.)  Appendix A-3 then establishes certain limitations on the application of that process, stating:

> Differences, disputes of any nature whatsoever and grievances involving the determination of increases in the rates of pay for job classifications in Appendix A-1, the provisions and determination thereof or changes in the content and provisions of incentive plans, profit sharing plans, retirement plans, section 125 IRC Plan, and in 401(k) plans are expressly excluded from the provisions of Article 16 of this Agreement, Grievance and Arbitration Procedures.

Defendant argues that Appendix A-3 excludes disputes over pension benefits from the grievance and arbitration procedure.  Instead, the Agreement expressly incorporates the claims procedure as outlined in the pension plan, which vests power for determining

2

years of service in the Plan Administrator.

Plaintiff counters that the exclusionary language of Appendix A-3 is limited to disputes over *changes* in retirement benefits, not determinations of those benefits.  The exclusion for "determinations thereof" applies only to the preceding clause regarding rates of pay and job classifications, and the exclusion for disputes regarding pension benefits is limited to "changes in the content and provisions."  Plaintiff argues that it does not seek to change or adjudicate the meaning or content of the pension plan, but rather seeks to compel Defendant to recognize the three and a half years of the strike for seniority purposes.  As the plan sponsor, Defendant is bound to extend seniority as it contractually agreed following the strike.

In its opposition to Plaintiff's cross motion, Defendant argues that Plaintiff's underlying grievance stems from a desire to replace the defined "years of credible service" in the pension plan with the seniority provisions of the 1996 strike settlement agreement, which Defendant further argues has since expired. Defendant contends that Plaintiff is merely trying to get around the exclusionary provision by claiming a violation of Article 2.2(B) which forbids discrimination of distinct classes. Defendant concludes that the appropriate forum for this dispute is through the claims procedure outlined in the pension plan or through the collective bargaining process, not through

arbitration.

## Discussion

The issue before this Court is whether the Collective Bargaining Agreement provides for arbitration of the present dispute.  The classification of the present dispute proves to be especially important given the contract language.  Defendant contends that the dispute regards a determination or change to the pension plan, which is expressly excluded from the arbitration process outlined in the Agreement.  Plaintiff however defines the dispute as a breach of the Agreement, whereby Defendant has failed to abide by the seniority provisions of the 1996 strike settlement agreement which affect the current pension program.

Upon review of Plaintiff's claims and the arguments on both sides, this Court determines that Defendant's interpretation best defines the present claim.  Plaintiff is attempting to renegotiate a defined term of the pension plan by pointing to the broad assertions of seniority in the 1996 strike settlement agreement.  As noted by Defendant, there is no reference to the pension plan or credible years of service in the 1996 strike settlement agreement, and the settlement was never made a part of or incorporated into at least two successive collective bargaining agreements from October 1996 to the current Agreement which became effective on April 23, 2006.  While Plaintiff

4

discusses the company's role in plan administration and evidence of bargaining history, in the end, Plaintiff's claim stems from a dispute regarding the pension plan.

Upon determining that the dispute involves an interpretation or change in the pension plan, this Court must next determine whether the arbitration provision applies.  While the parties dispute the potential exclusion of grievances regarding the determination of pension plan provisions, the parties agree and the plain terms of the Agreement illustrate that "changes in the content and provisions" of retirement plans are not arbitrable. In this matter, Plaintiff seeks to compel Defendant, through an arbitral award, to direct the Plan Administrator to recognize the strike period as "credible service."  The Plan currently does not recognize the strike period.  Therefore, Plaintiff is seeking a change in the Plan, which is expressly excluded from the arbitration process under Appendix A-3 of the Agreement.

Plaintiff is not without remedy in this matter.  The Union can pursue its claim through the dispute procedure outlined in the pension plan or negotiate retirement plan terms through the collective bargaining process.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 11)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that **Plaintiff's Cross Motion for Summary Judgment (Rec. Doc. 17)** is hereby **DENIED.**

New Orleans, Louisiana, this 2nd day of April, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE